IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10404
Summary Calendar
_____

HELEN ROSE OMOILE AKANNI, on
behalf of Nellie Rose Akanni,

Plaintiff-Appellee,

versus

CITY OF DALLAS, TEXAS,

Defendant-Appellant,

and

JOHN DOES 1-100; JANE DOES 1-100;
DALLAS COUNTY, TEXAS,

Defendants.

_____

Appeal from the United States District Court for
the Northern District of Texas
_____

December 4, 1995

Before REAVLEY, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[*]

The City of Dallas appeals the district court's order

reinstating Akanni's negligence and civil rights suit. The order

_____

[*]Local rule 47.5 provides: "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession." Pursuant to that Rule, the Court has determined
that this opinion should not be published.

of the district court is not appealable; therefore, we dismiss this appeal for want of jurisdiction.

Akanni and her attorney failed to attend a court-ordered mediation of her claims. On January 17, 1995 the district court ordered the case dismissed for want of prosecution. See Fed.R.Civ.P. 41(b). On the 27th day of February, the court received a letter from Akanni explaining her absence due to her hospitalization for illness from November 30, 1994 to January 25, 1995. Akanni stated that she made numerous attempts to contact her attorney, before and after she was admitted to the hospital, all to no avail. The district court regarded this as a motion for reconsideration of the dismissal for want of prosecution, granted her "motion," and reinstated the case. The motion was granted in part upon Akanni's letter and in part upon the district court's experience with her counsel. (The district court has filed a grievance with the State Bar of Texas against counsel for his misconduct in this case). We review our jurisdiction de novo.

We presume, as the parties did in their initial briefs, that this motion was made under Rule 60(b) of the Federal Rules of Civil Procedure. It would not matter if the order were made pursuant to Rule 55(c). In Parks v. Collins, 761 F.2d 1101, 1104 (5th Cir. 1985), we held that an order in response to a Rule 60(b) motion to set aside a default judgment was interlocutory and thus nonappealable. Our decision in Parks relied upon our court's earlier decision in Hand v. United States, 441 F.2d 529,

2

530 n.1 (5th Cir. 1971), which also held that a granting of a motion under Rule 60 was not final and not appealable. Our footnote in Hand, continued and noted that "when the appellant attacks the jurisdiction of the district court to vacate the judgment and grant a new trial, an appeal will lie to review the power of the court to enter such an order." Id.

The City asserts this additional language now permits the appeal. We disagree. Our opinions in Hand and Parks, recognized an exception to the final judgment rule where the district court acts without jurisdiction to do so. Phillips v. Negley, 117 U.S. 665, 672-673, 6 S.Ct. 901, 903-904 (1886); McDowell v. Dynamics Corp. of America, 931 F.2d 380, 382 (6th Cir. 1991); Fuller v. Quire, 916 F.2d 358, 360 (6th Cir. 1990); National Passenger R.R. Corp. V. Maylie, 910 F.2d 1181, 1183 (3d Cir. 1990); Eaton v. National Steel Products Co., 624 F.2d 863, 864 (9th Cir. 1980); Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 543, n. 5 (2d Cir. 1963). The City does not argue that the district court lacked the jurisdiction to act (nor could it do so with any justification), only that the court abused its discretion in acting.

Akanni has filed a motion for sanctions against the City in this cause. See Fed.R.App.P. 38; 28 U.S.C. § 1927. That motion is DENIED, but, the district court may take into account this appeal in assessing the City's behavior in its future representations to the court. See Fed.R.Civ.P. 11.

DISMISSED.

3